WENDY BELL,
KRISTIAN KINDER, and
ELIZABETH OSTEEN, individually, and
as class representatives of others
similarly situated,

    Plaintiffs,

vs.

THE CUPCAKE SPOT & SWEET, INC.,
a domestic corporation,

and

CARLOS DELGADO, a/k/a MIGUEL DELGADO,
a/k/a DANIEL DELGADO

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, WENDY BELL, KRISTIAN KINDER, and ELIZABETH OSTEEN, individually, and as class representative of others similarly situated (herein after referred to as "Plaintiffs"), by and through her undersigned counsel, sue THE CUPCAKE SPOT & SWEET, INC., a Florida corporation, and CARLOS DELGADO individually (collectively referred to as "Defendants") for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") 29 USC § 207 and states as follows:

## PRELIMINARY STATEMENT

1. The Plaintiffs bring this action for violations of the FLSA §207 for failure to pay overtime compensation.

2. Defendants unlawfully misclassified Plaintiffs as an exempt employee to avoid compensating them for time worked in excess of forty (40) hours per week.

3. Defendants failed to pay Plaintiffs in accordance with the FLSA. Specifically, Plaintiffs were not paid time and a half of their regular rate of pay for all hours worked in excess of forty (40) hours per week.

4. In this pleading, "Defendants", means the named Defendants, THE CUPCKAE SPOT & SWEET, INC. and CARLOS DELGADO, a/k/a MIGUEL DELGADO, a/k/a DANIEL DELGADO, individually, and other corporation, organization or entity responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

5. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasion. Plaintiffs reserve all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 USC §§ 1331 and 1337 and 29 USC § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

7. The Court has supplemental jurisdiction with respect to claims arising under state law pursuant to 28 USC § 1367.

8. Venue is proper in the District Court because Defendants operate substantial business in Pinellas County, Florida. Furthermore, the damages complained of occurred in Pinellas County at the Defendants' places of business located in Pinellas County, Florida.

9. Plaintiff KRISTIAN KINDER is a resident of Pinellas County, Florida, and was employed by Defendants as a bakery worker from approximately July 2015 until August 2016.

10. Plaintiff WENDY BELL is a resident of Pinellas County, Florida, and was employed by Defendants as a bakery worker from approximately October of 2015 until June of 2016, and again subsequently from September of 2016 until February 12, 2017.

11. Plaintiff ELIZABETH OSTEEN is a resident of Pinellas County, Florida, and was employed by Defendants as a bakery worker from approximately December 27, 2016 until February 12, 2017.

12. At all times relevant to this action, Plaintiffs have been an employee within the meaning of 29 USC § 203(e)(I).

**CARLOS DELGADO**

13. Defendant, CARLOS DELGADO is a Florida resident and/or is an individual who conducts business in the State of Florida. He is the sole officers of THE CUPCAKE SPOT & SWEET, INC. He created and directed the pay practices and controlled and directed the work of Plaintiff's, thus making him an employer within the meaning of the FLSA. See In Re: Van Diepen, P.A., 236 F. App'x 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

**THE CUPCAKE SPOT & SWEET, INC.**

14. Defendant, THE CUPCAKE SPOT & SWEET, INC., is a Florida Corporation with its principal address at 405 Central Ave., St. Petersburg, FL 33701, and may be served through its

registered agent for service of process, CARLOS DELGADO, at his stated address at 405 Central Ave., St. Petersburg, FL 33701.

15. At all times material hereto, THE CUPCAKE SPOT & SWEET, INC. was an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, THE CUPCAKE SPOT & SWEET, INC. was the "employer" of Plaintiffs within the meaning of the FLSA, 29 USC § 203.

17. The FLSA defines "employer" as any "person" acting directly or indirectly in the interests of an employer in relation to an employee. 29 USC § 203(d). See also Boucher v. Shaw, 572 Fed. 3d 1087, 1090 (9th Cir. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common-law concept of "employer", but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

18. This action is brought under the FLSA to recover from Defendants unpaid overtime wages, monies due and owing, liquidated damages, and reasonable attorneys' fees and costs.

19. All conditions precedent to the filing of this action have been performed.

## GENERAL ALLEGATIONS

20. Plaintiff KRISTIAN KINDER is a resident of Pinellas County, Florida, and was employed by Defendants as a bakery worker from approximately July 2015 until August 2016.

21. Plaintiff WENDY BELL is a resident of Pinellas County, Florida, and was employed by Defendants as a bakery worker from approximately October of 2015 until June of 2016, and again subsequently from September of 2016 until February 12, 2017.

22. Plaintiff ELIZABETH OSTEEN is a resident of Pinellas County, Florida, and was employed by Defendants as a bakery worker from approximately December 2016 until February 12, 2017.

23. Plaintiffs' job duties as a bakery worker included serving food, cleaning facilities, customer service, and cashier duties, delivery driver, baker, cake decorator and all other activities so directed by THE CUPCAKE SPOT & SWEET, INC., and its officer and agent CARLOS DELGADO.

24. Plaintiffs were provided with a list of duties and tasks to perform by THE CUPCAKE SPOT & SWEET, INC. and its officer and agent CARLOS DELGADO.

25. At all times relevant, Plaintiffs were supervised by THE CUPCAKE SPOT & SWEET, INC. and its officer and agent CARLOS DELGADO, and did not have the right to independent operations or decision making.

26. Plaintiffs worked in excess of forty (40) hours per week, but did not receive appropriate overtime compensation.

27. Defendants' failure to properly pay Plaintiffs was a willful violation of the FLSA.

28. Defendants have no good faith basis for failing to pay Plaintiffs appropriately nor for failing to pay the appropriate overtime.

29. Defendants, as business owners, are fully aware of the minimum hourly pay, overtime, and classification of individuals performing work for the Defendants.

30. Plaintiffs did not have the authority to hire, fire, or discipline other employees.

31. Plaintiffs were a non-exempt employee whose duties dictate the same; their job duties do not involve the use of discretion in the performance of their job.

32. Plaintiffs' position were subject to the FLSA wage provisions.

33. Plaintiffs often worked more than eight-hour days for six (6) days per week. Plaintiffs worked overtime hours consistently throughout their employment and were not properly compensated.

34. Defendants compensated KRISTIAN KINDER at a rate of $8.05 per hour, WENDY BELL at a rate of $15.00 per hour, and ELIZABETH OSTEEN at a rate of 8.10 per hour, respectively.

35. For purposes of this action, Defendants operated two locations in Pinellas County, Florida. Those locations possessed the same management and the same operating/managing owners. Furthermore, both stores utilized the same payroll company to pay all employees.

36. The two locations were identical in their operation and Plaintiffs were performing the same job duties under the same management for both locations.

37. Plaintiffs were provided a mixed compensation plan by Defendants to avoid compensating them for overtime hours worked in excess of forty (40) hours per work week, often working as many as twenty (20) hours of uncompensated overtime per pay period.

38. Plaintiffs complained to Defendants regarding their unlawful pay practices.

39. After being advised by Plaintiffs of the unlawful pay practices, Defendants advised that they had no obligation to pay overtime and regardless of hours worked, refused to pay Plaintiffs for any overtime hours worked, all in violation of the FLSA.

40. Plaintiffs ceased work for Defendants under duress due to compensation terms prohibited by the FLSA.

## COUNT I
## VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)
## (as to CARLOS DELGADO)

41. Plaintiffs re-adopt and re-allege the allegations set forth in ParagraphS 1 through 40 as if fully set forth herein.

42. Plaintiffs were employees of Defendant within the meaning of 29 USC § 203(e)(1).

43. Defendant is an employer within the meaning of 29 USC § 203(d).

44. The overtime wage provisions set forth in FLSA § 207 apply to Defendant, who engaged in commerce under the definition of the FLSA.

45. During the relevant time period, Plaintiffs were not paid overtime compensation for all hours worked in excess of forty (40) per week.

46. During the relevant time period, Defendant required Plaintiffs, non-exempt employees under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

47. Defendant is, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiffs constituted a willful violation of the FLSA.

48. Therefore, Defendant willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiffs for all hours worked in excess of forty (40) hours per week.

49. Defendant cannot show in good faith reliance upon any factor or law for misclassifying Plaintiffs as management.

50. Evidence reflecting the precise number of overtime hours worked by Plaintiffs is in the possession of Defendant. If these records are unavailable, Plaintiffs may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. See <u>Anderson v. Mount Clemens Pottery Company</u>, 328 US 680 (1946).

51. Plaintiffs are entitled to time and one-half of their regular hourly rate for each hour worked in excess of forty (40) hours per work week.

52. As a direct result of Defendant's violation of the FLSA, Plaintiffs suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b) of the FLSA,

in addition with the damages associated with the loss of their Social Security and employer contributions to Social Security benefits.

53. Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

**WHEREFORE**, Plaintiff, WENDY BELL, KRISTIAN KINDER, and ELIZABETH OSTEEN, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A. Order Defendant to pay an award of damages to fully compensate Plaintiffs for overtime wages and other compensation to which they are entitled;

B. Order Defendant to pay liquidated damages;

C. Order Defendant to pay pre-judgment interest on all sums due Plaintiffs;

D. Order Defendant to pay compensatory damages allowable at law;

E. Order Defendant to pay an award of attorney's fees pursuant to 29 USC § 216(b)

and; grant such further relief as the court deems just, necessary, and proper.

## COUNT II
## VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)
## (as to THE CUPCAKE SPOT & SWEET, INC.)

54. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraphs 1 through 40 as if fully set forth herein.

55. Plaintiffs were employees of Defendant within the meaning of 29 USC § 203(e)(1).

56. Defendant is an employer within the meaning of 29 USC § 203(d).

57. The overtime wage provisions set forth in FLSA § 207 apply to Defendant, who engaged in commerce under the definition of the FLSA.

58. During the relevant time period, Plaintiffs were not paid overtime compensation for all hours worked in excess of forty (40) per week.

59. During the relevant time period, Defendant required Plaintiffs, non-exempt employees under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

60. Defendant is, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiffs' constituted a willful violation of the FLSA.

61. Therefore, Defendant willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiffs for all hours worked in excess of forty (40) hours per week.

62. Defendant cannot show in good faith reliance upon any factor or law for misclassifying Plaintiffs as independent contractors.

63. Evidence reflecting the precise number of overtime hours worked by Plaintiffs is in the possession of Defendant. If these records are unavailable, Plaintiffs may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. See <u>Anderson v. Mount Clemens Pottery Company</u>, 328 US 680 (1946).

64. Plaintiffs are entitled to time and one-half of their regular hourly rate for each hour worked in excess of forty (40) hours per work week.

65. As a direct result of Defendant's violation of the FLSA, Plaintiffs suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b) of the FLSA, in addition with the damages associated with the loss of their Social Security and employer contributions to Social Security benefits.

66. Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

**WHEREFORE**, Plaintiffs, WENDY BELL, KRISTIAN KINDER, and ELIZABETH OSTEEN, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A. Order Defendant to pay an award of damages to fully compensate Plaintiffs for overtime wages and other compensation to which they are entitled;

B. Order Defendant to pay liquidated damages;

C. Order Defendant to pay pre-judgment interest on all sums due Plaintiff;

D. Order Defendant to pay compensatory damages allowable at law;

E. Order Defendant to pay an award of attorney's fees pursuant to 29 USC § 216(b), and; grant such further relief as the court deems just, necessary, and proper.

## COUNT III
### (Unpaid wages as to all defendants)

67. Plaintiffs re-adopt and re-allege the allegations set forth in Paragraphs 1 through 40 as if fully set forth herein.

68. Plaintiffs have earned unpaid wages which are owed and payable by the Defendants pursuant to Florida Statute Chapter 448.

69. Defendants, despite Plaintiffs' reasonable attempts to obtain payment of these earned monies, has failed and refused to make payments as required by Florida Statute Chapter 448.

**WHEREFORE**, Plaintiff, WENDY BELL, KRISTIAN KINDER, and ELIZABETH OSTEEN, individually and as the class representative of others similarly situated, prays for a judgment against Defendants, for the following damages:

A.  Payment of their earned unpaid wages;

B.  Pre-judgment interest;

C.  Post-judgment interest;

D.  Attorney's fees;

E.  Costs;

F.  For such other relief as this court deems equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint and on all issues so triable.

**WHEREFORE**, the Plaintiffs, WENDY BELL, KRISTIAN KINDER, and ELIZABETH OSTEEN, individually and as the class representative of others similarly situated, demands judgment for damages, including punitive damages, against the Defendants, THE CUPCAKE SPOT & SWEET, INC. and CARLOS DELGADO individually, together with such other and further relief as this Honorable Court deems necessary and appropriate.

Dated this 22nd of February, 2017.

TRAGOS, SARTES & TRAGOS, PLLC

*/s/ Peter L. Tragos,*
Peter L. Tragos, Esq.
601 Cleveland Street, Suite 800
Clearwater, Florida 33755
Phone: (727) 441-9030
Facsimile: (727) 441-9254
Florida Bar No: 0106744
petertragos@greeklaw.com
linda@greeklaw.com